UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Smith, | : | Case No. 1:04CV1393 |
| | : | |
| Petitioner | : | Judge Lesley Wells |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Pat Hurley, Warden, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

On September 13, 2004 respondent moved to dismiss this action in habeas corpus, 28 U.S.C. §2254, in part on the basis that it is time barred pursuant to the one-year limitation period prescribed by 28 U.S.C. §2254(d),[1] which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] In the motion respondent also addressed the substance of plaintiff's claims for relief. This Court does not believe that it is necessary to do so herein, as those claims are clearly time barred, but simply notes that on their face the arguments so presented by respondent appear to be meritorious.

>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This motion has not been responded to by petitioner, nor has he sought an extension to do so. This Court believes that such want of opposition could be viewed as a tacit acquiescence to the motion.

The lack of opposition may well be understandable, as it is clear that the one-year statute applies to this action.

Petitioner's sentencing entry was put on by the trial court on October 19, 1998, and his conviction became final on October 17, 2000, ninety days after the Ohio Supreme Court denied review of the appellate decision upholding his conviction. The one-year statute began to run the following day, and expired October 17, 2001. The first of his state post-conviction proceedings which could toll the limitation period was not instituted until two days later. Even accepting the potential tolling effect of his further proceedings in the state court, this Court finds that respondent's position that a total of 614 days is chargeable against petitioner from the date his conviction became final.

It is recommended that this action be dismissed without further proceedings.

                                                    s/DAVID S. PERELMAN
                                                    United States Magistrate Judge

DATE:   October 18, 2004

## **OBJECTIONS**

      Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).