IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
GREGORY THOMAS DeDONNO fka           :  CASE NO.  1:04 CV 01393
GREGORY SMITH,                                         :
                                                                        :
                                       Petitioner,         :
                                                                        :
                  -vs-                                            :  MEMORANDUM AND ORDER
                                                                        :  ADOPTING AND EXPANDING UPON
PAT HURLEY, Warden,                                :  REPORT AND RECOMMENDATION
                                                                        :  AND DISMISSING HABEAS PETITION
                                       Respondent.    :  AS UNTIMELY
------------------------------------------------------


UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Before the Court is Gregory Thomas DeDonno's fka Gregory Smith's ("Mr. Smith") petition for habeas relief pursuant to 28 U.S.C. § 2254.  (Doc. 1).  United States Magistrate Judge David S. Perelman recommended the petition be dismissed as untimely. (Doc. 15).  This Court affirmed the Magistrate Judge's recommendation after no objections were forthcoming.  (Docs. 17, 18).  Mr. Smith filed a motion to alter the judgment, arguing that he had not received the Magistrate Judge's Report and Recommendation ("R&R").  (Doc. 19).  In response, this Court vacated its prior judgment and ordered Mr. Smith's attorney to use the Electronic Case Filing system forthwith and henceforth.  (Doc. 21).  Mr. Smith then filed a timely objection to the R&R, which the Court considers below.  (Doc. 22).

  The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary.  See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e).  For the following reasons, the Court adopts, and expands upon, the

report and recommendation of the Magistrate Judge and denies Mr. Smith's habeas petition.

## I. Background

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

The Court of Appeals, Eighth Appellate District, Cuyahoga County, Ohio delineated the facts of this case on direct appeal. Because Mr. Smith has not rebutted these factual findings by clear and convincing evidence, the Court presumes they are correct and, accordingly, recites the following facts:

> Defendant-appellant Gregory Smith appeals from his convictions following guilty pleas to the rape of a child under thirteen (R.C. 2907.02) and kidnapping a child for purposes of engaging in sexual conduct (R.C. 2905.01). Defendant claims the trial court erred in sentencing him contrary to law to the maximum prison terms to be served consecutively; that he received ineffective assistance of counsel; and that his sexual predator classification was unconstitutional. We find no error and affirm.
>
> On April 2, 1998, at approximately 10:00 a.m., Cathy Rice and Colleen Allison, both age twelve, were walking on the sidewalk across from Heskett Middle School on Perkins Avenue in Bedford Heights, Ohio. As they walked, defendant and co-defendant Kenneth Walker approached in an automobile and stopped. The girls entered the vehicle.
>
> Thereafter, defendant, Walker, Cathy Rice and Colleen Allison proceeded to Mr. Walker's home at 25250 Columbus Road, Bedford Heights, Ohio where the girls were served beer. Shortly after their arrival, defendant took Rice into a bedroom where they engaged in sexual activity during which

> defendant allegedly held her mouth shut, ignored her struggles and tears, pulled her underwear off and penetrated her.
>
> Defendant was originally indicted on three counts of a five-count indictment.  Counts four and five related to Mr. Walker.  Count one of defendant's indictment was for the rape of a child under the age of thirteen, Cathy Rice, "by purposely compelling her to submit by the use of force or threat of force" (R.C. 2907.02), with a sexually violent predator specification (R.C. 2971.01(I)). Counts two and three were for the kidnapping of Cathy Rice and Colleen Allison, respectively, both under the age of thirteen for the purpose of engaging in sexual activity (R.C. 2905.01), with sexual motivation (R.C. 2971.01(K)) and sexually violent predator (R.C. 2907.01(I)) specifications.
>
> On September 22, 1998, defendant pled guilty to an amended count one, deleting the "by purposely compelling her to submit by the use of force or threat of force" language from the body of the indictment and deleting the sexually violent predator specification.  Defendant also pled guilty to an amended count three, deleting the sexual motivation and sexually violent predator specifications.  Count two was dismissed.  Also as part of the plea agreement, defendant stipulated to being a sexual predator for purposes of community notification and reporting.

At the plea hearing, the prosecutor read the charges and the amendments to be made pursuant to the agreed plea.  She stated that both counts were first-degree felonies and listed the potential penalties for each offense.  The prosecutor further expressed to the court that "no threats or promises have been made by any member of this department or the police department to induce the anticipated change of plea."  Defense counsel then expressed to the court agreement with the prosecutor's recitation of the substance of the plea negotiations.

> Subsequently, defendant acknowledged to the trial court that he understood everything that took place in his case, that he was not under the influence of alcohol or drugs, that his mind was clear, and that he was satisfied with the representation of defense counsel.  Defendant further acknowledged to the court his understanding that the amended counts were felonies of the first degree carrying potential penalties of three to ten years and his understanding of his sexual predator stipulation.  Defendant was then informed of the notification and registration requirements which accompany the sexual predator classification.
>
> The trial court subsequently asked the defendant if he understood that by entering a plea of guilty, he was waiving his constitutional right to a trial by a jury or a judge, his right to cross-examine witnesses, his right to be

proven guilty beyond a reasonable doubt and his right not to testify at trial. In response to each question, defendant stated "yes."

After the trial court questioned the defendant pursuant to Crim.R. 11, defendant pled guilty to amended counts one and three pursuant to the plea agreement. The trial court then found that defendant's plea was knowingly, voluntarily and intelligently made with a full understanding of his constitutional rights.

At defendant's October 13, 1998, sentencing hearing, the trial court again informed defendant of his duties as a sexual predator and defendant expressed his understanding. The prosecutor then informed the court that defendant's psychological report revealed that he had previously fathered twin boys with a thirteen-year-old girl and that he had a son with another girl who was between fifteen and sixteen years old. The prosecutor also informed the trial court of defendant's prior conviction for corruption of a minor which involved a thirteen or fourteen-year-old girl and his two domestic violence arrests in 1994 and 1995.

Before pronouncing sentence, the trial court acknowledged that it had read the pre-sentence investigative report, all of the letters from the family members and the victims, and the sentencing memorandum provided by defense counsel. The court stated that it considered all the factors in defendant's favor as required by law, including defendant's psychological report. The court then sentenced defendant as follows:

COURT: I have considered all the mitigating factors, as well as the factors on either side.

I do not find the Defendant to be amenable to community control, which is the first finding I have to make.

Secondly, we have to sentence on each count.

On the rape, ten years, Lorain Correctional Institute.

On the kidnapping, nine years Lorain Correctional Institute.

This sentence is going to be necessary to both protect and punish the offender, not disproportionate to the conduct and danger he imposes.

And I consider this harm to be so great and unusual, that a single term does not adequately reflect the seriousness of the conduct.

Therefore, they shall run consecutive to each other.

>    Credit for time.
>
>    Costs.
>
>    We are done.

(Tr. at 40-41).

Furthermore, in its journal entry, the trial court stated: "Defendant's criminal history and social history shows that consecutive sentences are needed to protect the public." State v. Smith, 2000 WL 263405 (Ohio App. 8 Dist., March 09, 2000). (Doc. 13, Exhibit 1).

Mr. Smith is currently serving an aggregate sentence of nineteen years imprisonment.  (Doc. 13, Exhibit 4).

## II.  Law and Argument

### A.  Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling here as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed.2d 481 (1997).  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the

5

state court proceeding." 28 U.S.C. § 2254(d). See also Miller v. Francis, 269 F.3d 609, 614 (6th Cir.2001).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." Miller, 269 F.3d at 614 (quoting Williams v. Taylor, 529 U.S. 362 (2000)). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000).

Title 28 U.S.C. § 2244 provides that a petition for writ of habeas corpus by a state prisoner must be filed within one year. Under § 2244(d)(1) the one year limitations period does not begin to run until "the conclusion of direct review or the expiration of time for seeking such review." Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[1]

---

[1] In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

6

Although habeas petitioners usually must file their petitions within one year of the date that their convictions became final, see 28 U.S.C. § 2244(d)(1)(A), the limitations period is tolled while a properly filed post-conviction motion is pending in state court. See 28 U.S.C. § 2244(d)(2).  In Abela v. Martin, 348 F.3d 164 (6th Cir. 2003), cert. denied, 541 U.S. 1070 (2004), the Sixth Circuit stated that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  Id. at 172-73.

Regardless of that tolling provision, once the one year limitations period expires it cannot be revived.  See Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003),

---

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

7

quoting Rashid v. Khulman, 991 F. Supp. 254, 259 (S.D.N.Y.1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001), cert. denied, 534 U.S. 905, 122 S. Ct. 237, 151 L. Ed.2d 171 (2001) (finding that a Rule 26(B) application will not delay the starting of the statute of limitations).

In Morgan v. Eads, 104 Ohio St. 3d 142 (2004), the Ohio Supreme Court determined that an application for reopening under Ohio App. Rule 26(B) "represents a collateral post conviction remedy and is not part of the original appeal." Id. at 147-48. Relying upon Morgan, and after years of conflicting opinions, the Sixth Circuit en banc has concluded "the relevant state law, the distinctions between direct review and collateral review, and the structure and function of the AEDPA support the conclusion that a Rule 26(B) application is a collateral matter rather than part of direct review." Lopez v. Wilson, 426 F. 3d 339, 352 (6th Cir. 2005), cert. denied, 126 S. Ct. 1880 (2006).

### B.  Application of the Statute of Limitations to Mr. Smith.

The record is clear that the statute of limitations for Mr. Smith's habeas petition had already run by the time his attorney filed an untimely application to reopen his appeal pursuant to Ohio App. R. 26(B).  Mr. Smith's sentencing entry was filed in the trial court on 19 October 1998 (Doc. 13, Exh. 4), and his conviction became final on Wednesday, 19 July 2000 when the Ohio Supreme Court denied Petitioner leave to appeal from the Eighth District's affirmance of the conviction and sentence.  (Doc. 13, Exh. 15).  Pursuant to § 2244, the limitations period was tolled for the 90-day period in which the Petitioner could seek certiorari in the United States Supreme Court.  See

8

Lawrence v. Florida, --- U.S. ----, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (the ninety days constitutes the time period that a defendant has to seek certiorari review before the Supreme Court).

On Wednesday, 18 October 2000, Mr. Smith's habeas period began to run and expired one year later on Wednesday 17 October 2001.  Mr. Smith filed his collateral appeal under Rule 26(B) on Friday, 19 October 2001, after 367 days of the habeas limitations period had run.  Accordingly, this Court does not have jurisdiction to hear Mr. Smith's untimely habeas petition.

Even had Mr. Smith filed his Rule 26(B) application within the one-year limitations period, as a collateral matter the application would have tolled the habeas period only until Friday 22 March 2002, 45 days after the Eighth district denied his Rule 26(B) request to reopen.  (Doc. 13, Exh. 16, 18).  Under the AEDPA, "a properly filed application for State post-conviction or other collateral review" tolls the one-year period. See Thompson v. Chandler, 36 Fed. Appx. 783, 784 (6th Cir. 2002).  Accordingly, between 22 March 2002 and Monday, 22 April 2002, when Mr. Smith next filed a motion to set aside or vacate his guilty plea, the habeas limitations period continued to run for an additional 31 days.  (Doc. 13, Exh. 20, 21).

Mr. Smith's 22 April 2002 motion to withdraw his plea (and a nearly identical motion filed on 29 April 2002 (Doc. 13, Exh 21)) was denied as an untimely petition for post-conviction relief by the trial court on Tuesday, 4 June 2002.  (Exh. 23).  Mr. Smith did not appeal the trial court's decision, but the period would have been tolled for thirty days, through Thursday, 4 July 2002, to enable the Petitioner to appeal the decision to

9

the Eighth District. Falling on a holiday, that appeal period actually expired on Friday, 5 July 2002.

The habeas limitations period continued to run for a period of 60-days between Friday, 5 July 2002 and Tuesday, 3 September 2002 , when the period, again, would have been tolled by Mr. Smith's filing of a renewed motion to set aside his conviction and vacate his guilty plea, pursuant to Crim. R. 32.1. (Exh. 24). The trial court denied Mr. Smith's motion as without jurisdiction (Exh. 27) and the Petitioner's timely appeal was denied by the Eighth District. (Exh. 32, 33). After the Ohio Supreme Court dismissed Mr. Smith's timely appeal on 19 November 2003, the Petitioner had an additional ninety-day period in which to seek certiorari. That period ended on Tuesday, 17 February 2004.[2]

The habeas limitations period continued to run for 156 days, from Tuesday, 17 February 2004 until Thursday, 22 July 2004, when Mr. Smith filed the instant habeas

---

[2]On 26 December 2003, Mr. Smith also filed a motion for delayed reconsideration of his 3 November 2003 pro se motion to reduce his sentence. The period represented by that motion would not toll the habeas limitations period because the motion for delayed reconsideration was improperly filed as untimely and incomplete. In order to toll the one-year period, there must be "a properly filed application for State post-conviction or other collateral review" which is pending in the state courts. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has addressed this issue:
> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is " properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). See, e.g., Vroman v. Brigano, 346 F.3d 598, 603 (6th Cir.2003).

10

petition. In total, even had Mr. Smith's Rule 26(B) application to reopen been timely submitted, a total of 614 (367 +31+60+156 = 614) habeas limitation days had elapsed between the judgment of conviction and the filing of Petitioner's habeas writ.

In Mr. Smith's objections to the R&R he posits that his petition is timely because filed within a year of his renewed motion to withdraw his plea pursuant to Crim. R. 32.1, a period which ended on Tuesday, 17 February 2004. The Petitioner's argument is inapplicable. At the time of his renewed application to withdraw his guilty plea, the limitation period for filing his federal habeas period had already expired, running out 458 (367+31+60 = 458) days from judgment of conviction. Although such a post-conviction motion would toll the statute of limitations had the motion been "pending" during the limitations period, an untimely motion does not restart the beginning of the period. See, e.g., DiCenzi v. Rose, 419 F.3d 493, 496-497 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Indeed, even after calculating that period as having been tolled for consideration of his motion to withdraw, the Petitioner had still amassed 614 untolled days between the time of judgment of conviction and his habeas filing.

Further, Mr. Smith is not entitled to equitable tolling because he has not presented any argument suggesting he is entitled to such tolling and there is no facially apparent reason to apply equitable tolling in this matter. "[The] petitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). Mr. Smith's petition will be dismissed because the statute of limitations has expired.

Finally, in a notice of new authority to the Court (Doc. 23), Mr. Smith further argues that he is entitled to the benefit of the Ohio Supreme Court's decision in State v. Foster, 845 N.E.2d 470 (Ohio 2006), holding that certain portions of Ohio's sentencing laws were unconstitutional under Blakely. However, the Foster court limited its holdings to cases then pending on direct appeal. Foster, 845 N.E.2d at 499. Furthermore, the U.S. Supreme Court held that neither Blakely nor Booker is retroactive.

Even if this Court had jurisdiction over this untimely habeas petition, Mr. Smith is not entitled to a review of his sentence because the Booker, Blakely, and Foster decisions may not be retroactively applied on collateral review if a petitioner's conviction was final on direct appeal when the cases were decided. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).

Mr. Smith's time for seeking direct review expired and his conviction became final on Tuesday, 17 October 2000, when the 90-day period expired for seeking certiorari in the United States Supreme Court. Since Mr. Smith's conviction was final before the Blakely decision (June 24, 2004), the Booker decision (January 12, 2005), and the Foster decision (December 27, 2006), the Petitioner's request is inapplicable and will be denied.

### III. Certificate of Appealability

Where, as here, a district court denies a habeas corpus petition on procedural grounds without reaching the merits of the Petitioner's underlying constitutional claims, a Certificate of Appealability ("COA") will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of

12

the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

This Court finds that jurists of reason would not debate whether the Court was correct in its procedural ruling. Therefore, should the petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and an application for a COA, Slack, 529 U.S. at 483; Fed. R. App. P. 22(b), which will not issue, see 28 U.S.C. § 2253(c)(2); see Castro v. United States of America, 310 F.3d 900, 901 (6th Cir. 2002); Murphy v. Ohio, 263 F. 3d 466, 467 (6th Cir. 2001); Porterfield v. Bell, 258 F. 3d 484, 485-487 (6th Cir. 2001).

### IV. Conclusion

For the foregoing reasons, this Court denies the Petitioner's objections and adopts and expands upon Magistrate Judge Perelman's Report and Recommendation. Accordingly, Mr. Smith's habeas petition, pursuant to 28 U.S.C. § 2254, is dismissed without further proceedings.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE